No. 681
NEURAD v. WERTHEIMER et al

Ohio Appeals, 1st Dist., Hamilton County
No. 2340. Decided March 10, 1924

1159. TAXES—Buyer held entitled to recover back internal revenue or state excise taxes unlawfully collected.

PER CURIAM. Epitomized Opinion

Wertheimer and others brought an action to recover certain sums paid as taxes. In June, 1920, Neurad entered into a contract with the defendant by which he agreed to buy 500 cases of Green Briar whiskey in quart bottles at $11.50 per case, subject to all taxes and charges due thereon. After paying for these cases he received five warehouse certificates for 100 cases each, under which he was entitled to receive the goods upon payment of all taxes levied thereon. Among the taxes levied was a tax by the state of Kentucky known as the Vance tax, amounting to $0.50 per gallon. Later this tax was declared unconstitutional and the amount paid thereunder was returned to the defendants. The plaintiff brought this action to recover the amount so received. The Municipal Court of Cincinnati and the Common Pleas rendered judgment for the defendants. Plaintiff prosecuted error. In reversing the judgment of the lower courts, the Court of Appeals held:

1. As the sales are made subject to the payment of a tax by the holder of the warehouse receipts at the time the whiskey was ordered out, the holder is entitled to recover back any sums paid to the seller because of a tax levy under an unconstitutional tax law.

(Attorneys not given.)

No. 682
EAST CLEVELAND (City) v. CLEVELAND RAILWAY COMPANY

Ohio Appeals, 8th Dist., Cuyahoga County
No. 5653. Decided June 30, 1924

1101. SPECIFIC PERFORMANCE—Remedy to compel street railway to operate according to ordinance, held not available where relief would require constant and continuous supervision by court.

LEVINE, J. Epitomized Opinion

In 1918 the city of East Cleveland granted to the Cleveland R. Co. by Ordinance No. 1087 the right to maintain and operate a double track street railroad on Hayden avenue. In 1923 that city by Ordinance No. 1471 granted to the railway company the right to conduct and operate a double track on Superior avenue. Instead of operating a double track on this street, the railway operated a "dinky car service" on one track of this newly constructed double track. The city brought an action to compel defendant to operate its cars in conformity with Ordinance No. 1471. The lower court held for the defendant, whereupon plaintiff prosecuted appeal. In denying the relief prayed for the Court of Appeals held:

1. A court of equity will not affirmatively decree specific performance of a contract requiring continuous acts, neither will it affirmatively decree specific performance where the execution of the decree would require supervision of acts of either of the parties extending over a considerable period of time.

Attorneys—E. A. Binyon, for East Cleveland; Squire, Sanders & Dempsey, for Railway Co.; all of Cleveland.